# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 23 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Kristina Vargas, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VICTOR PIMENTEL, as an individual and on behalf of others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER: *(Número del Caso):* <br> 21STCV07317 |
| --- | --- |

County of Los Angeles, Central Civil West Courthouse
312 North Spring Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jackson Law, APC, 2 Venture Plaza, Ste. 240, Irvine, CA 92618, Tel: 949-281-6857, Armond M. Jackson

| DATE: **FEB 23 2021** | **SHERRI R. CARTER** | Clerk, by | **Kristina Vargas** | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Home Depot U.S.A, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 3-9-2021

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.
[Print this form]  [Save this form]  [Clear this form]

**EXHIBIT A, PAGE 14**

COPY

BY FAX

1   ARMOND M. JACKSON, Bar No. 281547
    ajackson@jlaw-pc.com
2   Andrea M. Fernandez-Jackson, SBN 295924
    JACKSON LAW, APC
3   2 Venture Plaza, Suite 240
    Irvine, CA 92618
4   Telephone:   949.281.6857
    Fax No.:     949.777.6218
5
6   Attorney for Plaintiff Victor Pimentel
7
8
9
10
11              **SUPERIOR COURT OF STATE OF CALIFORNIA**
12                **FOR THE COUNTY OF LOS ANGELES**
13
14  VICTOR PIMENTEL, as an individual and      )   Case No. **21STCV07317**
    on behalf of others similarly situated,    )
15                                             )   Assigned to Honorable
                     Plaintiff,                )
16                                             )
              vs.                              )   **CLASS ACTION CLAIMS**
17                                             )
    HOME DEPOT U.S.A., INC., a Delaware        )   **COMPLAINT FOR:**
18  corporation, and DOES 1-50, inclusive,     )
                                               )     1.  **CLAIM FOR FAILURE TO PAY**
19                   Defendant.                )         **OVERTIME (LAB. CODE §§**
                                               )         **1194, 510, 1198, IWC WAGE**
20                                             )         **ORDERS 4, 7, 9 § 3)**
                                               )
21                                             )     2.  **CLAIM FOR FAILURE TO PAY**
                                               )         **MINIMUM WAGE (LAB. CODE**
22  _____        )         **§ 1194)**
23
                                                     3.  **CLAIM FOR FAILURE TO**
24                                                       **PROVIDE AND MAINTAIN**
                                                         **ACCURATE ITEMIZED WAGE**
25                                                       **STATEMENTS (LAB. CODE §**
                                                         **226(a))**
26
27                                                   4.  **CLAIM FOR FAILURE TO PAY**
                                                         **TIMELY WAGES (LAB. CODE §**
28                                                       **210)**


                    **CLASS ACTION COMPLAINT—1**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 23 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Kristina Vargas, Deputy

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        5.   **CLAIM FOR FAILURE TO PAY FOR NECESSARY EXPENSES (CAL. LAB. CODE § 2802)**

        6.   **UNLAWFUL BUSINESS PRACTICES UNDER (BUS. AND PROF. CODE, § 17200, ET SEQ.)**

**[JURY DEMAND]**

**CLASS ACTION COMPLAINT—2**

1        Plaintiff Victor Pimentel ("Plaintiff" or "Mr. Pimentel") make the following allegations

2 against Defendant Home Depot U.S.A., Inc. (referred to herein as "Defendant", "Defendants"

3 "HD"), and DOES 1-50:

4                     **INTRODUCTION**

5 1.     Plaintiffs bring this class action on behalf of all non-exempt employees (collectively

6 referred to herein as "Class Members" or "Subclass Members") employed by Defendant and,

7 DOES 1-50 in California from the date four years prior to the filing of this Complaint through

8 the date of trial in this action.

9 2.     In this action, Plaintiff, on behalf of himself and all Class Members, Subclass Members

10 seek unpaid overtime wages, minimum wages, unlawful deductions, wage statement penalties,

11 and wages upon termination. Statutory penalties, restitution, declaratory and injunctive relief,

12 attorneys' fees and costs, prejudgment interest and other relief under California Industrial

13 Welfare Commission (I.W.C.) Wage Order 4-2001, 8 Cal. Code of Reg. section 11050 ("Wage

14 Order 4-2001"), Wage Order 7-2001, 8 Cal. Code of Reg. section 11050 ("Wage Order 7-

15 2001"), California Labor Code  (Labor Code") sections 510, 1174 1182.12, 1194, 1197,

16 1197.1, 1198, 2699.5, California Code of Civil Procedure section 1021.5, California Business

17 and Professions Code sections 17200 et seq. ("UCL"), and California common law.

18 3.     The "Class Period" is designated as the time from four years prior to the filing of this

19 Complaint through the trial of this action based upon the allegation that the violations of the

20 Labor Code and UCL, as described more fully below, have been ongoing since at least four

21 years prior to the date of the instant Complaint in this action and are continuing.

22 4.     During the Class Period, Defendant had a consistent policy and/or practice of (1) failing

23 to compensate such Class Members and Subclass Members with overtime hours at the

24 appropriate rates; (2) failing to compensate Class Members and Subclass Members with

25 minimum wages; (3) failing to reimburse Class Members and Subclass Members for necessary

26 business expenses.

27 5.     Accordingly, Defendant violated UCL, with the violations of the California wage and

28 hour laws described above.

CLASS ACTION COMPLAINT—3

## GENERAL ALLEGATIONS

**Parties and Venue.**

6.     Plaintiff Mr. Pimentel, is, and at all relevant times was, a citizen and resident of the County of Los Angeles, in the State of California.

7.     Plaintiff is informed and believes and on that basis alleges that at all relevant times Defendant Home Depot U.S.A., Inc. is a Delaware corporation doing business in the State of California with a principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia, 30339.

8.     In light of the facts that the wrongful acts of this defendant occurred and the causes against them arose in Los Angeles County, State of California, jurisdiction and venue is proper in Los Angeles County.

**Doe Allegations.**

9.   Plaintiff does not presently know the true names and capacities of defendant named as Doe1 through Doe 50, inclusive.  Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants, when they are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendants.

**Vicarious Liability.**

10.     Unless otherwise indicated, each defendant herein sued is the agent, co-conspirator, joint venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-defendants, and each of them.  Plaintiff is informed and believes and thereon alleges that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

11.     Defendant is a retail business.

12.     Plaintiff, Class Members and Subclass Members worked for Defendant as non-exempt employees in California.

CLASS ACTION COMPLAINT—4

1   13.   Plaintiff, Class Members and Subclass Members worked as a non-exempt employee

2   for Defendant. During this employment a majority of Plaintiff's, Class Members and Subclass

3   Members work involved customer service, stocking, selling and providing customer service to

4   customers.

5   **Defendants Failed to Compensate Plaintiff, Class Members and Subclass Members For**

6   **Pre-Shift Inspections**

7   14.Plaintiff, Class Members and Subclass Members were subjected to pre-shift inspections

8   off-the-clock work before being allowed to clock in which is a violation of California Labor

9   Code sections 210, 221, 510 and 1194 and the applicable California Industrial Welfare

10  Commission wage order(s). The Defendant failed to compensate Plaintiff, Class Members and

11  Subclass Members for all time spent working during this pre-shift inspection. The unpaid

12  working time during these pre-shift inspections would have been paid. These employees were

13  entitled to minimum wages and/or overtime wages for this time.

14  **Defendants Did Not Reimburse Plaintiff and Employees for Necessary Business Expenses**

15  15.Defendants pressured, encouraged and required Plaintiff, Class Members, Subclass

16  Members and similarly situated employees to download an application to use on the personal cell

17  phone devices to help service customers including locating merchandise, checking inventory,

18  prices and other benefits for the customer shopping in the store. Defendant did not reimburse for

19  pressuring, encouraging and requiring its workers to use their personal cell phone devices.

20  **Defendant Failed to Provide Accurate Wage Statements to Plaintiffs, Class Members and**

21  **Subclass Members**

22  16. Defendant knowingly and intentionally provided Plaintiff, Class Members and Subclass

23  Members with uniform incomplete and inaccurate wage statements. Defendant failed to list gross

24  wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect

25  during the pay period, including overtime rates of pay, and the corresponding number of hours

26  worked at each hourly rate. Defendant failed to record the time Plaintiff, Class Members and

27  Subclass Members spent during pre-shift inspections and list the correct amount of gross wages,

28

**CLASS ACTION COMPLAINT—5**

1   net wages, total number of hours worked, the applicable hourly rates of pay in effect during the

2   pay period and corresponding number of hours worked as each hourly rate.

3                                         **CLASS ACTION ALLEGATIONS**

4          17.    This action is maintainable as a representative action pursuant to California Code of

5   Civil Procedure section 382 as to violations of Wage Order 4-2001, Wage Order 7-2001, Labor

6   Codes and UCL minimum wages, overtime and double time wages, and attorneys' fees and

7   costs. Plaintiff is a representative of other Class Members and Subclass Members and is acting

8   on behalf of their interests. The similarly situated employees are known to Defendant and are

9   readily identifiable and locatable through Defendant's own employment records. The Class and

10  Subclasses that Plaintiff seeks to represent is defined as follows:

11

12         18.    The Class the Plaintiff seeks to represent is defined as follows:

13

14                 All persons who were employed by Defendant as nonexempt employees, in
                   California at any time from four years prior to the date of filing of this action
                   through the date of trial (referred to herein as "Class Members").

15

16         19.    The Subclass 1 the Plaintiff seeks to represent is defined as follows:

17                 All persons who were employed by Defendant in California as nonexempt
                   employees at any time from four years year prior to the date of filing of this action
18                 through the date of signed order certifying the class and subjected to policies.
                   procedures or practices of having to use its personal cell phone for work purposes
19                 without reimbursement.

20

21         20.    The Subclass 2 the Plaintiff seeks to represent is defined as follows:

22                 All persons who were employed by Defendant in California as nonexempt
                   employees at any time from three years year prior to the date of filing of this
23                 action through the date of signed order certifying the class and subjected to
                   policies. procedures or practices of having to use its personal cell phone for work
24                 purposes without reimbursement.

25

26         21.    The Subclass 3 the Plaintiff seeks to represent is defined as follows:

27                 All persons who were employed by Defendant in California as nonexempt
28                 employees at any time from four years prior to the date of filing of this action

                                    **CLASS ACTION COMPLAINT—6**

through the date of signed order certifying the class and subjected to pre-shift inspections in which they were not paid for all hours worked.

22.  The Subclass 4 the Plaintiff seeks to represent is defined as follows:

All persons who were employed by Defendant in California as nonexempt employees at any time from three years prior to the date of filing of this action through the date of signed order certifying the class and subjected to pre-shift inspections in which they were not paid for all hours worked.

23  The Subclass 5 the Plaintiff seeks to represent is defined as follows:

All persons who were employed by Defendant in California as nonexempt employees at any time from one year prior to the date of filing of this action through the date of signed order certifying the class and subjected to pre-shift inspections in which they were not paid for all hours worked.

24.  Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, and Subclass Members 5, shall be collectively referred to herein as ("Subclass Members").

25.  The individuals included within the alleged Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4 and Subclass Members 5, are over one hundred (100) and is so numerous that joinder of each of them would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefits the parties, the Court, and the interests of justice.

26.  Among the proposed Class Members and Subclass Members there are a well-defined community of interest in the questions of law and/or fact involved, affecting the Class Members and Subclass Members, these common questions include, but are not limited to:

a.  Whether Defendant's failure to provide Class Members and Subclass Members with entitled correct overtime wages for all hours worked above 8 hours per day or forty hours per week violates Labor Code sections 512, 1194 and Wage Order 4-2001, Wage Order 7-2001;

b.  Whether Defendant's various violations of the Labor Code serve as predicate violations of the UCL.

**CLASS ACTION COMPLAINT—7**

c. Whether Defendants' failure to provide Class Members and Subclass Members with entitled minimum wages for all hours worked violates Labor Code sections 1194 and Wage Order 4-2001, Wage Order 7-2001;

d. Whether Defendants' failure to provide Class Members and Subclass Members with accurate itemized wage statements violates Labor Code section 226(a);

e. Whether Defendants' failure to reimburse Class Members and Subclass Members violates Labor Code section 2802.

27. Common questions of law and/or fact predominate over questions that affect only individual Class Members and Subclass Members.

28. Plaintiff's claims are typical of those belonging to the members of the Class and Subclass they seek to represent, and Plaintiff can adequately represent the Class and Subclass they seek to represent.

**FIRST CAUSE OF ACTION**

**(Claim For Failure to Pay Overtime Wage in Violation of Labor Code §§ 510, 1194, 1198 and IWC Wage Order 4, § 3, IWC Wage Order 7, § 3, by Plaintiff, Class Members and Subclass Members 1Against All Defendants and DOES 1-50)**

29. Plaintiff incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

30. Plaintiff brings this claim on behalf of the Class Members and Subclass Members.

31. Throughout Plaintiffs, Class Members and Subclass Members employment, they worked above 8 hour daily working shifts and 40 hours per week. Defendants did not compensate Plaintiffs, Class Members and Subclass Members for all entitled overtime and double-time hours worked above 8 hours in a day and 40 hours per week with the correct amount as it failed to pay Plaintiff, Class Members and Subclass Members for all hours worked including all time worked during pre-shift inspections.

32. Plaintiff, Class Members and Subclass Members are entitled to overtime and double time compensation according to proof at the time of trial under Labor Code sections 510, 1194 subdivision (a), 1198 enforcing, Wage Order 4, Wage Order 7. Defendant's failure to pay

**CLASS ACTION COMPLAINT—8**

Plaintiffs, Class Members and Subclass Members as required by the applicable wage order, violates the provision of Labor Code section 1194, subdivision (a) and is therefore unlawful. Defendant also violated Labor Code section 510.

33.   Plaintiff, Class Members and Subclass Members are entitled to earnings for all hours worked, including overtime and double overtime.  Plaintiff is also entitled to recover the statutory civil fines pursuant to Labor Code section 1194, subdivision (a). The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

**SECOND CAUSE OF ACTION**
**(Claim for Failure to Pay All Wages, Including All Minimum Wages, Cal. Lab. Code sections 204, 510, 1194, 1194.2 and 1197 and Wage Order 4-2001, By Plaintiff, Class Members and Subclass Members Against All Defendants and DOES 1-50)**

34.Plaintiff hereby incorporate all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

35.Plaintiff bring this claim on behalf of themselves, the Class Members and Subclass Members.

36.Defendants were required to compensate Plaintiff, Class Members and Subclass Members for all hours worked pursuant to California Labor Code sections 510 and 1194 and Industrial Welfare Commission Wage Order 4-2001 Section 3, Wage Order 7-2001 Section 3. Defendants failed to pay Plaintiff, Class Members and Subclass Members for all hours worked including all time worked during pre-shift inspections. Plaintiff, Class Members and Subclass Members are entitled to minimum wages and civil penalties as a consequence of this failure.

37.Defendants were required to pay Plaintiffs, Class Members and Subclass Members for all of the minimum wages they are entitled to pursuant to California Labor Code sections 510 and 1194, Industrial Welfare Commission Wage Order 4-2001 Section 3 and Industrial Welfare Commission Wage Order 7-2001 Section 3. Defendants failed to do so. Plaintiff, Class Members and Subclass Members are entitled to civil penalties and owed wages as a consequence of this failure.

**CLASS ACTION COMPLAINT—9**

38.As a direct result of Defendants' violations alleged herein, Plaintiffs, Class Members and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

39.As a result of the violations alleged herein, Plaintiff, Class Members and Subclass Members seeks all civil penalties and unpaid wages available pursuant to the Labor Code and Wage Order 4-2001, Wage Order 7-2001 including an award of interest on the unpaid wages plus reasonable attorney's fees and costs and civil penalties. The exact amount of the applicable penalties is an amount to be shown according to proof at trial.

### THIRD CAUSE OF ACTION
**(For Failure to Furnish Accurate Itemized Wage Statements in Violation of Lab. Code §
226 By Plaintiff, Class Members and Subclass Members Against All Defendants and DOES
1-50)**

40. Plaintiffs, Class Members and Subclass Members hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

41.Plaintiff brings this claim on behalf of themselves, Class Members and Subclass Members.

42.Throughout the Class Period, Defendant failed to comply with Labor Code 226(a) by failing to provide wage statements and failing to provide the wage statements of Plaintiff, Class Members and Subclass Members did not accurately reflect each employee's applicable total hours worked, net wages earned, gross wages earned and actual applicable wage rate all in violation of California Labor Code Section 226(a), specifically sections 1-2, 4-5 and 9.

43.Due to the fact that Defendants excluded the hours' worth of work that should have been reflected on their wage statements for due to failure to [ay for all hours worked. Defendants violated California Labor Code Section 226(a), specifically sections 1-2, 4-5 and 9. As a direct result of Defendants' intentional violations alleged herein, Plaintiffs, Class Members and Subclass Members have suffered and continues to suffer substantial losses related to the use and

CLASS ACTION COMPLAINT—10

1    enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees

2    in seeking to compel Defendants to fully perform their obligation under state law, all to their

3    respective damage in amounts according to proof at trial and within the jurisdictional limitations

4    of this Court. The exact amount of the applicable civil penalties is an amount to be shown

5    according to proof at trial and an award of reasonable attorney's fees and costs.

<b><u>FOURTH CAUSE OF ACTION</u></b>

6

7    <b>(Claim For Failure to Pay Timely Wages in Violation of Labor Code § 210 by Plaintiff, Subclass and Class Against All Defendants Against All Defendants and DOES 1-50)</b>

8    44. Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs

9    above and below by reference as though set forth in full in this cause of action.

10   45. Pursuant to Labor Code section 210, an employer may not fail to pay the wages of each

11   employee.

12   46. Plaintiff brings this claim on behalf of itself, the Class Members and Subclass Members.

13   47. Defendant failed to pay Plaintiff, Class Members and Subclass Members minimum and

14   overtime wages ages as required by California Labor Code section 210. As a result, Defendant's

15   are liable to Plaintiffs, Class Members and Subclass Members, plus reasonable attorney's fees

16   and costs of suit.

17   48. Plaintiff, on behalf of itself, Class Members and Subclass Members, also request relief as

18   described below.

19   49. The exact amount of the applicable damages is an amount to be shown according to proof

20   at trial.

<b><u>FIFTH CAUSE OF ACTION</u></b>

21

22   <b>(Claim For Failure to Reimburse Plaintiff for All Necessary Expenses Per Lab. Code §§ 2802, 2804 Plaintiff, Class and Subclass Against All)</b>

23   50. Plaintiff hereby incorporates all of the allegations set for in each of the paragraphs above

24   and below by reference as though set forth in full in this cause of action.

25   51. Plaintiff brings this claim on behalf of itself, the Class Members and Subclass Members.

26   52. Plaintiff, Class Members and Subclass Members were non-exempt employees of

27   Defendant. In the course of their employment, Plaintiff, Class Members and Subclass Members

28

CLASS ACTION COMPLAINT—11

1   were not reimbursed for expenses arising in the course and scope of their services. These

2   expenses included, but not limited to, use of personal cell phones,

3      53. Plaintiff, Class Members and Subclass Members were not exempt employees and entitled

4   to the protections of IWC Order 4-2001, IWC Order 7-2011, (Title 8 of the California Code of

5   Regulations § 11090), and California Labor Code § 200, 500, 1194, 1197, and 1198).

6      54. At all times herein mentioned Plaintiff, Class and Subclass were subject to Labor Code §

7   2802 which states that "an employer shall indemnify his or her employees for all necessary

8   expenditures or losses incurred by the employee indirect consequence of the discharge of his

9   duties, or of his obedience to the directions of the employer."

10     55. At all times herein mentioned Plaintiff, Class and Subclass were subject to Labor Code §

11   2804 which states that "any contract or agreement, express or implied, made by any employee to

12   waive the benefits of this article or any part thereof, is null and void, and this article shall not

13   deprive any employee or his personal representative of any right or remedy to which he is

14   entitled under the laws of this State."

15     56. As a proximate result of Defendant's policies in violation of Labor Code §§ 2802 and

16   2804, Plaintiff, Class Members and Subclass Members suffered damages in sums, which will be

17   shown according to proof to be in excess of the jurisdictional minimum of this Court.

18     57. Plaintiff is entitled to expenses, attorney's fees. Interest, and costs of suit pursuant to

19   Labor Code § 2802(c) for bringing this action.

20     58. Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of

21   necessary expenditures under this section shall carry interest at the same rate as judgment in civil

22   actions. Interest shall accrue from the date on which the employee incurred the necessary

23   expenditure. Plaintiff, Class Members and Subclass Members are entitled to said interest.

24     59. Plaintiff, Class Members and Subclass Members are entitled to reimbursement for

25   expenses including, but not limited to, reimbursement for expenses in connection to being

26   required to use personal cell phones, attorney's fees, interest, and costs of suit pursuant to Labor

27   code § 2802 for bringing this action.

28

**CLASS ACTION COMPLAINT—12**

### SIXTH CAUSE OF ACTION
#### (For Unlawful Business Practices-Bus. & Prof. Code § 17200 et seq.)
#### By Plaintiff, Class Members and Subclass Members Against All Defendants and DOES 1-50)

60.     Plaintiff hereby incorporate all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

61.     Plaintiff brings this claim on behalf of herself and the Class Members and Subclass Members.

62.     Business & Professions Code section 17200 states "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

63.     Through Defendant's conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, the Defendant has engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the applicable Industrial Welfare Commission Wage Order. Defendant's use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over Defendant's competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

64.     Defendant's violations of the California Civil Code, Labor Code and the applicable Wage Order and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiffs, Class Members and Subclass Members. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) failure to pay California employees at the proper overtime wages and minimum wages; (ii) failed to pay wages upon termination as a result of failing to pay

CLASS ACTION COMPLAINT—13

California employees at the proper overtime wages and minimum wages; (iii) failing to compensate Class Members and Subclass Members with minimum wages; (iv) unlawfully deducting and discounting wages from Class Members and Subclass Members; (v) failing to issue accurate itemized wage statements; (vi) failing to pay all wages timely upon termination, resignation or end of employment.. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendant engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code sections 17200 et seq., including those set forth in the preceding paragraph, thereby depriving Plaintiff of the minimum working condition standards and conditions due, including those under Labor Code and Wage Order.

65.   As a result of Defendant's unfair competition as alleged herein, Plaintiff, Class Members and Subclass Members have suffered injury in fact and lost money or property. Plaintiffs, Class Members and Subclass Members have been deprived of the rights to accurate and itemized wage statements, wages and benefits due including those as alleged herein.

66.   Pursuant to California Business & Professions Code section 17203, Plaintiff is entitled to seek restitution of all wages and other monies owed on behalf of themselves and Class members and Subclass members belonging to them, including interest thereon, which Defendant's wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

67.   Plaintiff is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

68.   Plaintiff is informed and believes, and on that basis alleges, that the illegal conduct alleged herein is continuing and there is no indication that Defendant's will not continue such activity into the future. Plaintiff alleges that if Defendant's are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the wage and compensation required to be paid and will fail to comply with other requirements of the Labor Code and Wage Order.

69.   As a direct and proximate result of Defendant's conduct, Defendants have received

CLASS ACTION COMPLAINT—14

1   and will continue to receive monies that rightfully belong to members of the general public who

2   have been adversely affected by Defendant's conduct, as well as to Plaintiff by virtue of any

3   unpaid wages and other monies or penalties associated therewith.

4       70.    Plaintiffs, Class Members and Subclass Members are entitled and seeks any and all

5   available remedies including but not limited to restitution and recovery of reasonable attorney's

6   fees and costs pursuant to California Code of Civil Procedure section 1021.5, Business and

7   Professions Code section 17200 et seq., the substantial benefit doctrine, and/or the common fund

8   doctrine.

9   **PRAYER FOR RELIEF**

10       WHEREFORE, Plaintiff prays individually and on behalf of the proposed Class and

11   Subclass Members, prays for judgment against Defendant as follows:

12       A.  Certification of Plaintiff's claims as a class action pursuant to Cal. Code of Civ. Pro.

13             Section 382, on behalf of the proposed class;

14       B.  Class notice to all Class Members and Subclass Members who worked for Defendant

15             from four years prior to the filing of the original Complaint through the trial of this

16             action;

17       C.  Plaintiff be appointed as the representative of the Class;

18       D.  Plaintiff be appointed as the representative of Subclass Members;

19       E.  Counsel for Plaintiff be appointed as counsel for the Class and Subclass Members;

20       F.  The Court declare that, as to former employee Class Members and Subclass

21             Members, Defendant have violated California Labor Code sections 510, 1194, Wage

22             Order 4-2001 and Wage Order 7-2001 by failing to compensate the Class Members

23             and Subclass Members their proper overtime rates;

24       G.  The Court declare that, as to former employee Class Members and Subclass

25             Members, Defendant have violated California Labor Code sections 1194 and Wage

26             Order 4-2001 and Wage Order 7-2001 by failing to compensate the Class Members

27             and Subclass Members their proper minimum wage rates;

28

**CLASS ACTION COMPLAINT—15**

H. The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 226(a) by failing to issue accurate itemized wage statements;

I. The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 2802 by failing to reimburse Plaintiff, Class Members and Subclass Members for using their personal cell phone for work purposes.

**First Cause of Action:**

1. For an award of damages to Class Members and Subclass Members pursuant to Labor Code sections 510 and 1194.

2. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

3. An award to Class Representative Plaintiff Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code section 1021.5, California Labor Code section 218.5, 1194, 510 and/or other applicable law.

**Second Cause of Action:**

4. For an award for the Class Members and Subclass Members for owed wages and penalties, plus interest pursuant to Labor Code section 1194.

5. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

6. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law.

**Third Cause of Action:**

7. For an award for the Class Members and Subclass Members for owed wages and penalties,

CLASS ACTION COMPLAINT—16

1   plus interest pursuant to Labor Code section 226(a).

2   8.   The exact amount of the applicable damages is an amount to be shown according to proof at

3   trial and within the jurisdictional limits of the Court.

4   9.   An award to Class Representative Plaintiff, the Class Members and Subclass Members of

5   reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5

6   and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law.

7

8

9   **Fourth Causes of Action:**

10   10. For an award of damages to Plaintiffs and the Class Members and Subclass Members

11   pursuant to Labor Code section 210.

12   11. The exact amount of the applicable damages is an amount to be shown according to proof at

13   trial and within the jurisdictional limits of the Court.

14   12. An award to Class and Subclass Representative Plaintiff, and the Class Members and

15   Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil

16   Procedure Code section 1021.5, California Labor Code section 210 and/or other applicable law.

17

18   **Fifth Causes of Action:**

19   13. For an award of damages to Plaintiff and the Class Members and Subclass Members

20   pursuant to Labor Code section 2802 et seq.

21   14. The exact amount of the applicable damages is an amount to be shown according to proof at

22   trial and within the jurisdictional limits of the Court.

23   15. An award to Class and Subclass Representative Plaintiff, and the Class Members and

24   Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil

25   Procedure Code section 1021.5, California 2802 et seq., and/or other applicable law.

26

27   **Sixth Cause of Action:**

28   16. For a temporary restraining order, a preliminary injunction, and a permanent injunction

**CLASS ACTION COMPLAINT—17**

1   enjoining Defendant and its agents, servants and employees, and all persons acting under, in

2   concert with, or for Defendant from engaging in the unlawful, unfair, and fraudulent acts and

3   business practices described in Paragraphs 60 through 70 above;

4   17. For restitution, lost wages and penalties therewith;

5   18. For pre-judgment and post-judgment interest to the extent permitted by law;

6   19. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution

7   of this action pursuant to Code of Civil Procedure section 1021.5, Business and Professions Code

8   sections 17200, et seq., Labor Code section 1194 and any other applicable provision of law; and

9   20. For such other relief as the Court deems just and proper.

10

11   **As to All Causes of Action:**

12   21. For reasonable attorneys' fees and costs incurred

13   22. Interest accrued to date under the California Labor Code, including under Sections 226.7;

14   23. For such other and further relief as this Court may deem just and proper.

15

16   Dated: February 23, 2021                     **Jackson Law, APC**

17

18                              By: /s/ Armond M. Jackson
                                    Armond M. Jackson
19                                  Attorneys for Plaintiff Victor Pimentel

20

21                         **DEMAND FOR JURY TRIAL**

22        Plaintiff Victor Pimentel demands a jury trial in the above captioned matter.

23   Dated: February 23, 2021                     **Jackson Law, APC**

24

25                              By: /s/ Armond M. Jackson
                                    Armond M. Jackson
26                                  Attorneys for Plaintiff Victor Pimentel

27

28

                         **CLASS ACTION COMPLAINT—18**