O

# United States District Court
# Central District of California

| | |
|---|---|
| VICTOR PIMENTEL, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case № 2:21-cv-03051 ODW (KESx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [19]** |

## I.   INTRODUCTION

Plaintiff Victor Pimentel brings this representative class action against Defendant Home Depot U.S.A., Inc., for various labor law violations. (Second Am. Compl. ("SAC") ¶ 2, ECF No. 15.)  Home Depot moves to dismiss Pimentel's third and sixth causes of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Mot." or "Motion"), ECF No. 19.)  The matter is fully briefed. (Opp'n, ECF No. 21; Reply, ECF No. 22.)  For the reasons discussed below, the Court **GRANTS** Home Depot's Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

For purposes of this Rule 12(b)(6) Motion, the Court takes all of Pimentel's well-pleaded allegations as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Pimentel worked for Home Depot as a non-exempt employee, and his duties including stocking, selling, and providing customer service. (SAC ¶ 13.) Home Depot required Pimentel and other employees to report seven minutes prior to their shift for an inspection. (*Id.* at ¶ 42.) The inspections lasted an average of five to ten minutes, and employees were only compensated for four of those minutes and were precluded from logging additional time. (*Id.*) As a result, Pimentel's wage statements lacked an accurate indication of the total number of hours he worked. (*Id.* at ¶¶ 42–43.)

On May 28, 2021, Pimentel filed the operative SAC, alleging seven causes of action against Home Depot: (1) failure to pay overtime; (2) failure to pay wages, including minimum wages; (3) failure to provide and maintain accurate wage statements; (4) failure to pay for necessary expenses; (5) failure to pay timely wages upon termination; (6) unlawful business practices; and (7) violation of the California Labor Code Private Attorneys General Act ("PAGA"). (*See generally* SAC.)

Home Depot now moves to dismiss Pimentel's third cause of action for Home Depot's failure to include all compensable hours worked on employee wage statements in violation of California Labor Code section 226. (Mot. 5–10; SAC ¶¶ 39–43.) Home Depot argues that in asserting this cause of action, Pimentel seeks an impermissible double recovery and fails to allege a requisite injury. (Mot. 5–10.) Home Depot also argues that Pimentel's seventh cause of action—the PAGA claim—should be dismissed to the extent it seeks penalties based on the violations alleged in the third cause of action. (*Id.* at 11–12.) Finally, Home Depot moves to dismiss Pimentel's sixth cause of action for failure to plead sufficient facts. (*Id.* at 10–11.) As discussed below, the Court grants Home Depot's Motion because California law does

not recognize the type of wage statement error Pimentel alleges as a violation of Labor Code section 226.

### III. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim—to survive such dismissal. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Nevertheless, factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In analyzing a motion to dismiss, courts are generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Carrico v. City & County of San Francisco*,

656 F.3d 1002, 1008 (9th Cir. 2011) ("It is properly denied . . . if amendment would be futile.").

### IV. DISCUSSION

The Court begins with Pimentel's sixth cause of action for violation of California's Unfair Competition Law ("UCL"). (Mot. 10.) Home Deport asserts that Pimentel must establish an inadequate remedy at law before securing an equitable remedy under the UCL and that because Pimentel failed to establish an inadequate remedy at law, the cause of action should be dismissed. (*Id.*) In his opposition to the Motion, Plaintiff states that it "does not dispute the motion as the Sixth Cause of Action, leaving the Third Cause of Action as the subject of this motion." (Opp'n 1.) Thus, the Court **GRANTS** Home Depot's Motion to dismiss the sixth cause of action.

Turning to Pimentel's third cause of action, California Labor Code section 226(a) lists nine categories of information that employers must include on employee wage statements, including, in relevant part, " (1) gross wages earned, (2) total hours worked by the employee . . . [and] (5) net wages earned." Cal. Lab. Code § 226(a). Penalties for violating section 226 are available to employees who suffer "injury as a result of a knowing and intentional failure by an employer" to include the required information. *Id*. § 226(e)(1).

Pimentel alleges Home Depot violated section 226 by providing wage statements that failed to include the total hours worked. (SAC ¶ 41); *see* Cal. Lab. Code § 226(a)(2). Pimentel alleges Home Depot prevented employees from logging their pre-shift inspection time and as a result of omitting that time "fail[ed] to provide wage statements that included each employee's applicable total compensable hours worked." (SAC ¶¶ 41–43.) Home Depot argues that Pimentel's third cause of action must be dismissed as an impermissible attempt at a double recovery. (Mot. 5.)

Pimentel's section 226 cause of action is derivative of Pimentel's second cause of action, which seeks to recover wages for time spent performing pre-shift inspections. (*See* SAC ¶¶ 33–38.) Pimentel is alleging that, because Home Depot

failed to allow him to log his pre-shift inspection hours, his wage statement fails to include the "total hours worked by the employee" as required by section 226(a)(2). However, this is not the kind of omission that constitutes a wage statement violation. This is not a case where, for example, employees are alleging that they logged their pre-shift inspection hours, but the employer later omitted those logged hours from the wage statement, rendering the "hours worked" total on the wage statement inaccurate. Here, Pimentel never logged his pre-shift inspection hours, and his wage statements correspondingly never included pre-shift inspection hours. This case presents neither of the concerns the California Legislature had in mind when enacting section 226, which include (1) keeping employees "adequately informed of compensation received," and (2) preventing employees from being "shortchanged by their employers." *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1337 (2018).

In *Maldonado*, the California Court of Appeal concluded that in a situation "where at the time the work was performed, the *work was done* and paid for *at a particular rate*, but it was subsequently determined that the employee had actually *earned* the right to additional compensation," the absence of an accurate indication of the wages earned "will be remedied by the violated wage and hour law itself." 22 Cal. App. 5th at 1336–37. The same reasoning applies here. At or around the time he performed his work, Pimentel logged his hours, omitting pre-shift inspection time pursuant to his employer's instructions, but he was paid for the hours he logged. (*See* SAC ¶¶ 41–43.) It might subsequently be determined that he was entitled to log more hours and therefore earned the right to additional compensation. Such a determination will be remedied by the violated wage and hour law itself, not the wage statement statute.

For these reasons, permitting Pimentel to recover on the derivative wage statement causes of action would lead to an impermissible double recovery. *See Castro v. Wal-Mart, Inc.*, No. 2:20-cv-00928 JAM KJN, 2020 WL 4748167, at *2

1  (E.D. Cal. Aug. 17, 2020) (dismissing a wage statement claim based on finding that
2  plaintiff's "allegation for failure to compensate off-the-clock work will be remedied
3  by her wage and hour claim").  The Court therefore **GRANTS** Home Depot's Motion
4  to Dismiss the third cause of action.

5        Next, the Court turns to Pimentel's PAGA claim, which relies in part on the
6  now-dismissed third cause of action.  PAGA is a statutory mechanism whereby "an
7  'aggrieved employee' may bring a civil action personally and on behalf of other
8  current or former employees to recover civil penalties for Labor Code violations.'"
9  *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 380 (2014) (quoting *Arias v.*
10 *Superior Court*, 46 Cal. 4th 969, 980–81 (2009)).  Because a PAGA claim is based on
11 violations of discrete provisions of the Labor Code, courts regularly order partial
12 dismissal of PAGA claims when certain predicate Labor Code violations are
13 implausible, ill-pled, or otherwise not viable.  *See, e.g.*, *Bato v. Lab. Corp. of Am.*
14 *Holdings*, No. 09-04671 MMM (Ex), 2010 WL 11459908, at *8 (C.D. Cal. Feb. 8,
15 2010).  Therefore, the Court also **GRANTS** Home Depot's Motion to dismiss
16 Pimentel's PAGA claim, the seventh cause of action, to the extent it relies on the now-
17 dismissed third cause of action.

18       Finally, the Court finds that providing Pimentel with leave to amend would be
19 futile and therefore grants dismissal of the aforementioned claims without leave to
20 amend.  *See Carrico*, 656 F.3d at 1008.  Here, Pimentel's claims are dismissed on the
21 following bases: (1) Pimentel does not dispute that he cannot establish an element of
22 his UCL claim; (2) Pimentel's third cause of action is derivative of his second cause
23 of action, constituting impermissible double recovery; (3) Pimentel's PAGA claim
24 relies to some extent on his impermissible third cause of action.  Pimentel could not
25 remedy any of these deficiencies by amending his complaint.  Accordingly, the Court
26 grants Home Depot's Motion **without leave to amend**.

27
28

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss **without leave to amend**.  (ECF No. 19.)

**IT IS SO ORDERED.**

January 21, 2022

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**